Singh v. Barr

BIA
A073 531 048

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of April, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
>> *Circuit Judges.*

_____

HAMINDER SINGH,
> *Petitioner,*

v.                                                          No. 19-686
                                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney
                       General; Cindy S. Ferrier, Assistant
                       Director; Surell Brady, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Haminder Singh, a native and citizen of India, seeks review of a 2019 decision of the BIA denying Singh's motion to reconsider and reopen. *In re Haminder Singh*, No. A 073 531 048 (B.I.A. Feb. 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The current petition is timely only as to the BIA's 2019 decision denying reconsideration and reopening; our review is thus limited to that decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001) (explaining that separate petitions for review must be timely filed from the final order of removal and any subsequent denial of reopening). Further, Singh has waived any challenge to the BIA's denial of reconsideration by not addressing the BIA's determination that he did not show a legal or factual error in its May 2018 decision. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (petitioner abandons issues and claims not raised in his brief). Accordingly, the only decision on review before us now is the BIA's 2019 denial

2

of reopening.

We review the BIA's denial of a motion to reopen "for abuse of discretion, mindful that motions to reopen are disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (internal quotation marks omitted). When the BIA considers evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien ordinarily must move to reopen no later than 90 days after entry of the final administrative decision. *See* 8 C.F.R. § 1003.2(c)(2). But this time limitation does not apply if the motion is filed to apply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3). "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at

3

the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). We concluded that the BIA did not abuse its discretion in denying reopening because, as discussed below, Singh's evidence did not establish a change in conditions or that any change was material to his asylum claim.

Substantial evidence supports the BIA's conclusion that the evidence was insufficient to establish a change in conditions occurring since Singh's 1996 hearing. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-*, 24 I. & N. Dec. at 253. The documents Singh submitted with his motion do not discuss country conditions in India and do not establish a change in the relevant period. *In re S-Y-G-*, 24 I. & N. Dec. at 253. Singh's motion argued that conditions have worsened, citing in support of his argument a Human Rights Watch report and an online article stating that a Sikh activist from Scotland had been arrested upon his return to India. But the quoted portion of the Human Rights Watch report does not provide specific information about Sikhs, and Singh did not provide information about the reliability of the source on which the online article relied.

Singh asks this Court to take judicial notice of a U.S.

4

Commission on International Religious Freedom Report, but we are limited to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Further, the BIA was not required to consider the country conditions evidence submitted with Singh's prior motion to reopen, because it had previously considered this evidence when it denied reopening in May 2018. As noted, that decision is not before this Court. *See Ke Zhen Zhao*, 265 F.3d at 89–90. Accordingly, the BIA did not err in finding no material change.

Nor did the BIA abuse its discretion in denying Singh's motion to reopen based on his failure to overcome the IJ's underlying adverse credibility determination with regard to Singh. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding no abuse of discretion in BIA's denial of motion to reopen when it "clearly explained that the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the [immigration judge's] denial of petitioner's underlying asylum application"). The card purportedly showing that Singh is a member of Youth Akali Dal Amritsar USA, Inc., did not remedy the defects in Singh's

5

original claim because the card was issued in June 2018, after the BIA's denial of his previous motion to reopen. Thus, the 2018 card did not corroborate that he engaged in relevant political activities at the time of his original or 2017 asylum application.

The BIA also did not abuse its discretion by not crediting a letter from the Sikh Cultural Society, Inc., because that letter was prepared after the BIA's denial of Singh's previous motion to reopen and, in any event, was lacking in detail. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147–48 (2d Cir. 2007) (holding that BIA may decline to credit documentary evidence submitted in support of a motion to reopen based on legitimate concerns, which may stem from immigration judge's prior adverse credibility determination, about petitioner's credibility). Accordingly, the BIA could reasonably determine that any evidence of increased persecution of Sikh political activists or Sikh practitioners was not material because Singh did not rebut the adverse credibility determination. S*ee Kaur*, 413 F.3d at 234. Because the BIA did not abuse its discretion in determining that Singh did not show a material change in conditions in India, it did not err in denying Singh's motion as untimely and number

6

barred. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. Singh's stay motion and the Government's motion to expedite are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
